ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:22-CR-0066-O

CLOIS GLENN RABORN (01)

## FACTUAL RESUME

INFORMATION:

    Count One:    Sexual Exploitation of a Child, in violation of 18 U.S.C.
                    §§ 2251(a) and (e)

PLEA:

    Guilty Plea to Count One

PENALTY:

    The minimum and maximum penalties the Court can impose include:

    a. a term of imprisonment for not less than fifteen (15) years and not more than thirty (30) years;
    b. a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss to the victim;
    c. a term of supervised release of any term of years or life but not less than five (5) years, which is mandatory under the law and will follow any term of imprisonment.   Revocation of the term of supervised release could result in an additional period of confinement.   If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;
    d. a mandatory special assessment of $100;
    e. unless the Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015;
    f. an assessment of up to $50,000 pursuant to 18 U.S.C. § 2259A;

Factual Resume - Page 1

g.  restitution to the victim or to the community, which may be mandatory under the law;

h.  registration as a sex offender under the Sex Offender Registration and Notification Act;

i.  costs of incarceration and supervision; and

j.  forfeiture of property.

ELEMENTS OF THE OFFENSE:

In order to establish the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. §§ 2251(a) and (e), the government must prove the following elements beyond a reasonable doubt:[1]

First:      That the defendant used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

Second:     That the defendant acted with the purpose of producing a visual depiction of such conduct; and

Third:      That the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer.

STIPULATION OF FACTS:

1.  Defendant Clois Glenn Raborn admits and agrees that between on or about June 1, 2016, through on or about February 28, 2019, in the Northern District of Texas, he did use a minor, Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and the visual depiction was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer. Specifically, Raborn used an Apple iPhone 6s IMEI unknown, a silver HP Laptop computer serial number 5CH1411BW3, and a Silver MultiCard 16GB USB serial number 0XECC3800678047 to produce the following visual depiction of a prepubescent minor engaged in sexually explicit conduct:

---

1 Fifth Circuit Pattern Jury Instruction 2.84 (5th Cir. 2019).

**Factual Resume - Page 2**

| File Name | File Description |
|---|---|
| 7e0bd000742d0f01.bmp | An image with **Raborn's** fingers moving MV1's underwear to the side, exposing her genitals. **Raborn**'s penis is visible on top of MV1's leg. |

2. The image in paragraph was taken at Raborn's residence, which is within the Fort Worth Division of the Northern District of Texas.

3. Raborn knew that the image depicted a real minor. Raborn admits that he used Minor Victim 1 to produce sexually explicit visual depictions of Minor Victim 1, while Raborn was in the Northern District of Texas. Raborn stipulates that the Apple iPhone 6s IMEI unknown, silver HP Laptop computer serial number 5CH1411BW3 with Lite-On LA-512M3S-Z1 512GB SSD serial number 002241118539, and a Silver MultiCard 16GB USB serial number 0XECC3800678047 were manufactured and/or assembled outside of Texas and therefore the charged depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

SIGNED this 7th day of March, 2022.

X _____
CLOIS GLENN RABORN
Defendant

_____
CODY COFER
ATTICUS GILL
Attorney for Defendant

Factual Resume - Page 3