IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:22-CR-066-O |
| CLOIS GLENN RABORN (01) | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

CLOIS GLENN RABORN ("the Defendant"), the Defendant's attorney, and the United States of America ("the government"), agree as follows:

1. **Rights of the Defendant**: The Defendant understands that he has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The Defendant waives these rights, waives any defenses he may have based on any statute of limitations, and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. §§ 2251(a) and (e), that is sexual exploitation of a minor. The Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement         Page 1

3. **Sentence**:

The minimum and maximum penalties the Court can impose include:

a. a term of imprisonment for not less than fifteen (15) years and not more than thirty (30) years;
b. a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss to the victim;
c. a term of supervised release of any term of years or life but not less than five (5) years, which is mandatory under the law and will follow any term of imprisonment. Revocation of the term of supervised release could result in an additional period of confinement. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;
d. a mandatory special assessment of $100;
e. unless the Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015;
f. an assessment of up to $50,000 pursuant to 18 U.S.C. § 2259A;
g. restitution to the victim or to the community, which may be mandatory under the law;
h. registration as a sex offender under the Sex Offender Registration and Notification Act;
i. costs of incarceration and supervision; and
j. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: The Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court, and he will not be allowed to withdraw his plea if his sentence is higher than expected.

5. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100, and pursuant to 18 U.S.C. § 3014(a), an additional amount of $5,000, in satisfaction of the mandatory special assessment in this case.

6. **Restitution.** Pursuant to 18 U.S.C. §3663(a), the defendant agrees to pay restitution for losses resulting from all the defendant's criminal conduct, including relevant conduct and other criminal conduct related or similar to the defendant's offense of conviction, and understands that restitution will not be limited to losses stemming from the offense of conviction alone. The defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. The defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within the defendant's possession or control requested by the government regarding the defendant's financial condition; and (D) fully and truthfully answering all questions regarding the defendant's past and present financial condition in such interview(s).

7. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the information, or seized or restrained in the investigation underlying the information, including the forfeiture of:

- a silver HP Laptop computer serial number 5CH1411BW3 with Lite-On LA-512M3S-Z1 512GB SSD serial number 002241118539; and
- a Silver MultiCard 16GB USB serial number 0XECC3800678047.

The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 2428. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Destruction of property**: The defendant waives and abandons any and all right, title, claim or interest, he may have in all property seized during the investigation of the defendant leading to the Information in this case, which is specifically listed below:

    a. Apple iPad 1 – serial number J3039WYWZ38;

    b. Samsung Tablet – serial number R22D300DD0Y;

    c. Sandisk 2GB microSD card;

    d. HP G60 Laptop – serial number 2CE9510G3F with Crucial CT480BX200SSD1 480 GB SSD serial number 1548F0121E2A;

    e. WD Passport 2 TB – serial number WX11A23H8231;

    f. SimpleTech External USB 500 GB Drive – serial number 07CDTU0V;

    g. Dell Latitude C540 Laptop - S/T G7LL331 with Hitachi DK23EB-20 IDE 20GB HDD serial number J07201;

    h. PNY 128GB USB Flashdrive;

    i. PNY 64GB USB Flashdrive;

    j. Superman shaped 8GB USB Flashdrive;

    k. Silver Seagate FreeAgent Desk 1TB external USB HDD serial number 2GEV2TK7;

    l. Kingston 8GB SD card; and

    m. Apple iPhone XS 1921 serial number 35726209306396.

Defendant affirms that no other person has an interest in the listed property and agrees that the government may destroy or otherwise dispose of such property, including but not limited to any and all images, files, documents or other information that may be electronically stored on or within the listed property, at its discretion. The defendant agrees there was reasonable cause for the seizure of the subject property and releases, holds harmless, and forever discharges the government, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, either in their official or individual capacities, from any and all claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands whatsoever in law or equity that the defendant and his heirs, successors, or assigns ever had, now have, or may have in the future, in relation to the subject property. The defendant further

agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, or destruction of the subject property.

9. **Defendant's cooperation with financial investigation**: In order to assist in the collection of fines and restitution, the defendant shall, upon demand, submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

10. **Defendant's testimony**: The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which the defendant has knowledge. If the defendant chooses to do so, however, the defendant's

testimony must be complete and truthful. Incomplete or dishonest testimony will constitute a breach of this agreement.

11. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty and will move to dismiss, at sentencing, any remaining counts other than those to which the defendant is pleading guilty.

12. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's lawyer and is fully satisfied with that lawyer's legal representation. The defendant has received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph

of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives the defendant's right to contest the defendant's conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

16. **Limitation of Agreement**: This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

17. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 7th day of March, 2022.

X _____
CLOIS GLENN RABORN
Defendant

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
BRANDIE WADE
Assistant United States Attorney
Texas State Bar No. 24058350
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:  817-252-5200
Facsimile:   817-252-5455

_____
CODY COFER
ATTICUS GILL
Attorney for Defendant

_____
ALEX LEWIS
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

X _____
CLOIS GLENN RABORN
Defendant

Date 3/7/22

Plea Agreement        Page 9

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____   Date 3/7/22
CODY COFER
ATTICUS GILL
Attorney for Defendant

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I further understand that I am required to provide information relating to my intended travel outside the United States. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

X _____   Date 3/7/22
CLOIS GLENN RABORN
Defendant

_____   Date 3/7/22
CODY COFER
ATTICUS GILL
Attorney for Defendant