IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO.  4:22-CR-066-O |
| CLOIS GLENN RABORN (01) | |

### GOVERNMENT'S UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America (the government) requests entry of a preliminary order of forfeiture, and in support states:

### I. BACKGROUND

1.   Count One of the information charged the defendant Clois Glenn Raborn with violations of 18 U.S.C. §§ 2251(a) and (e) and notified the defendant that upon conviction, the government will seek to forfeit a Silver HP Laptop computer serial number 5CH1411BW3 and a Silver MultiCard 16GB USB serial number 0XECC3800678047 ("the property").  *See* Information (Dkt. 17).

2.   Clois Glenn Raborn pled guilty to Count One and described in a factual resume the connection of the Subject Property to the offense including that he used the property to produce a visual depiction of a prepubescent minor engaged in sexually explicit conduct.  *See* Plea Agreement (Dkt 22) and Factual Resume (Dkt. 21).

### II. AUTHORITIES

3.   The court's jurisdiction is based on 18 U.S.C. § 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure.

4.      Pursuant to 18 U.S.C. § 2253, any person convicted of a violation of 18 U.S.C. §§ 2251(a) and (e) shall forfeit any visual depiction and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received; and any property, real or personal, constituting or traceable to gross profits or other proceeds; and any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.[1]

### III. ARGUMENT

5.      Based upon the Clois Glenn Raborn's guilty plea and factual resume, the government has established the requisite nexus between the property and the violations charged. Accordingly, the property is subject to forfeiture to the government.

6.      Pursuant to Fed. R. Crim. P. 32.2(b), if there is a finding property is subject to forfeiture, the court shall promptly enter a preliminary order of forfeiture directing the forfeiture of that property without regard to any third party's interest in all or part of the forfeited property. Third party interests are adjudicated in the ancillary proceeding under Rule 32.2(c).

---

[1] The Information contains inaccurate citations to the forfeiture authority. This does not impact the court's ability to order forfeiture for two reasons. First, the defendant agreed to the forfeiture and waived the requirements of notice in the charging document. Raborn Plea Agreement, ECF No. 22 at 3-4. Second, courts have held such errors do not deprive a defendant of notice, which is the purpose for the rule requiring a forfeiture notice in the indictment. *See, e.g., United States v. Silvious*, 512 F.3d 364, 369 (7th Cir. 2008) (error in citing § 982(a)(2) instead of §§ 981(a)(1)(C) and 2461(c) in a mail fraud case did not deprive defendant of his right to notice under Rule 32.2(a)).

**USA Motion for Preliminary Order of Forfeiture- Page 2**

7. Upon entry of the preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(3), the Attorney General will post notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days that which describes the property with reasonable particularity; states the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no later than 60 days after the first day of publication on an official internet government forfeiture site]; and provides contact information for the government to be served with the petition [Asset Forfeiture Section, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242]. This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

8. The government will also send, by means reasonably calculated to reach the person, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property in ancillary proceedings.

## IV. RELIEF

9. Therefore, the government asks the court to enter a preliminary order forfeiting the property to the government and authorizing the Attorney General (or its designee) to seize and maintain custody of the property, subject to the provisions of 21 U.S.C. § 853(n).

        Respectfully submitted,

        CHAD E. MEACHAM
        UNITED STATES ATTORNEY

        */s/ Brandie Wade*
        BRANDIE WADE
        Assistant United States Attorney
        Texas Bar No. 24058350
        801 Cherry Street
        Fort Worth Texas 76102
        Telephone: 817-252-5281
        Facsimile: 817-252-5455
        E-mail: Brandie.Wade@usdoj.gov

## **CERTIFICATE OF CONFERENCE**

I certify that the defendant and the attorney for the defendant have previously agreed to forfeiture of the property as requested.

        */s/ Brandie Wade*
        BRANDIE WADE
        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I certify that on June 22, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic filing" to counsel for Defendant, who has consented in writing to accept this Notice as service of this document by electronic means.

        */s/ Brandie Wade*
        BRANDIE WADE
        Assistant United States Attorney